NEW-YORK PRACTICE REPORTS. 401

Cahoon and others agt. The Bank of Utica.

## COURT OF APPEALS.

CAHOON AND OTHERS agt. THE BANK OF UTICA.

A complaint to compel the defendants to pay over a surplus of money received on a mortgage, given as collateral security for payment of certain promissory notes; and to require the delivery up of those notes, to be made available against third persons, for the plaintiff's benefit. *Held* not to contain two distinct causes of action.

(*This decision reverses that of the Supreme Court at general term, in this case, reported ante page* 134.)

*December Term,* 1852. For a statement of the facts of this case, *see ante page* 134, where the same case is reported with the opinion of Justice GRIDLEY, delivered at special term, and by the court, W. F. ALLEN, Justice, at general term, affirming it.

By the Court, JOHNSON, J.—The ground on which this case ought to be put is, that the complaint does not contain two causes of action. The claim is single. It stands substantially in the same position as if Brown himself were plaintiff. The gist of it is that Brown had placed in the possession of the Bank of Utica, a mortgage, the proceeds to be applied to pay three notes; one made by Brown and Rossiter, and the others by Brown, and the surplus to be returned to him. His assignees now seek an account of the proceeds of the mortgage and of their disposition, and to have the balance paid over, and the notes which are satisfied, delivered up. It is no answer to say that the balance of moneys could have been recovered in an action for money had and received. It would none the less have been the proper foundation for a bill in equity. Suppose instead of a single security, transferred to secure debts to a single person, twenty different securities had been transferred to the bank to secure debts due to twenty different persons, does any one doubt that the remedy would be in equity. It is only because there is no dispute about the amount due, that there seems to be any room for mistake as to the character of the claim. If that remained to be ascertained, it would be the clearest possible case for an account, and yet this case is not clearer than that before us. For

surely the accidental circumstance of the absence of a dispute as to the amount, can hardly be deemed to alter the nature of the party's rights.

Considering this proposition to be established, it remains to say a few words in regard to the claim to have the notes delivered up. Whatever may be the case as to Brown's own notes, he had a clear interest to regain possession of the note of Brown and Rossiter, in order to be able to use it as a voucher in stating an account with Rossiter, and therefore, having extinguished it by his own means, he had also a clear right to have the note delivered up and cancelled; and an account of the securities pledged for them and payment of the overplus. That a claim so simple in its character, so well recognized and even familiar under the old practice in chancery should be seriously regarded as two distinct causes of action, requiring distinct modes of trial, and incapable of being joined in a single suit, is quite as surprising as the doctrine itself, if held to be well founded, would be inconvenient.